IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**CARSON DeWAYNE BOLDEN, JR.**                       **PLAINTIFF**

v.              No: 3:22-cv-00202 BRW-PSH

**PHIL REYNOLDS,** *et al.*                                    **DEFENDANTS**

## ORDER

Plaintiff Carson DeWayne Bolden, Jr. filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on August 3, 2022, while incarcerated at the Woodruff County Detention Center (Doc. No. 2). On August 22, 2022, Bolden updated his address indicating he had been released. *See* Doc. No. 5. The Court ordered Bolden to submit an *in forma pauperis* ("IFP") application which reflects his free-world financial status (Doc No. 6). Bolden filed an IFP application on August 29, 2022 (Doc. No. 8).

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action IFP still must pay the full statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Bolden's resubmitted IFP shows that his monthly expenses and liabilities exceed his income, and he therefore has no funds with which to pay the filing fee; accordingly, his request to proceed IFP is GRANTED. Bolden remains responsible for payment of the filing fee for this action.

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. The Court has reviewed Bolden's complaint (Doc. No. 2). Because Bolden makes unrelated and legally distinct claims based on separate incidents, he must amend his complaint to describe only one factually related incident or issue. Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant. To proceed against multiple defendants, plaintiff must satisfy Fed. R. Civ. P. 20, which allows claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants.[1] Bolden should also note that he may not sue on behalf of other inmates. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners."). Additionally, as a private citizen, Bolden has no judicially cognizable interest in the prosecution or non-prosecution of another. *See, e.g.*, *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981); *see generally Parkhurst v. Tabor*,

---

[1] *See Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974) (Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding."); *see also Fulghum v. Allen*, 2015 WL 5667479 at *1 (8th Cir. 2015); *Harris v. Union Pacific R. Co.*, 2013 WL 1187719 (E.D. Ark. 2013); *Langrell v. Union Pacific R. Co.,* 2012 WL 3041312 (E.D. Ark. 2012).

569 F.3d 861, 866 (8th Cir. 2009) and cases cited therein. Finally, any injunctive relief he originally sought is now moot due to his release from custody. *See generally Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions.").

Bolden must file an amended complaint within 30 days with a short and concise statement narrowing his claims, describing each defendant's involvement in the violation of his rights, and describing how he was injured as a result. The Clerk of Court is directed to send a blank § 1983 complaint form to Bolden. Bolden is cautioned that an amended complaint renders his original complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event he fails to file a second amended complaint conforming to this order within 30 days, the Court may dismiss this case.

IT IS SO ORDERED this 31st day of August, 2022.

_____
UNITED STATES MAGISTRATE JUDGE