IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**CARSON DeWAYNE BOLDEN, JR.**                           **PLAINTIFF**

v.                No: 3:22-cv-00202 BRW-PSH

**PHIL REYNOLDS,** *et al.*                                      **DEFENDANTS**

## ORDER

Before the Court is a motion by Plaintiff Carson DeWayne Bolden, Jr. ("Plaintiff") for a subpoena duces tecum (Doc. No. 77) and a motion to appoint counsel (Doc. No. 78). Both motions are denied, for the reasons explained below.

In his motion for a subpoena, Plaintiff requests the Court subpoena "all requests, grieves, appeals, and medical requests" from the Woodruff County Jail between February 22, 2022, and August 4, 2022. Doc. No. 77. He asks that the subpoena be issued to City Tele Coin. *Id.* It is not clear why City Tele Coin would have this information, which should be discoverable from the Defendants who are employees at the Woodruff County Decenter Center. Defendants filed a response stating that they previously sent Plaintiff a copy of his jail file, but believe that he may no longer have it because he is now incarcerated at a different facility. *See* Doc. No. 80. They state that they are in the process of responding to Plaintiff's discovery

requests and will send him another copy of his jail file with their discovery responses. *Id.* Because Defendants are sending Plaintiff the information he seeks, his motion is DENIED as MOOT.

Plaintiff's motion to appoint counsel is DENIED without prejudice at this time. In his motion to appoint counsel, Plaintiff complains that he has had difficulties obtaining discovery from the Defendants. *See* Doc. No. 78. The Defendants have explained they are in the process of responding to his discovery requests. *See* Doc. No. 80. Plaintiff also states that he needs assistance obtaining statements from witnesses. *See* Doc. No. 78. If the Defendants file a motion for summary judgment and the Plaintiff can explain why he needs particular witness statements to respond to such a motion, he may file another motion for appointment of counsel at that time. And the Court may extend the discovery deadline for the limited purpose of obtaining witness statements in that scenario.

Additionally, a civil litigant does not have a constitutional or statutory right to appointed counsel in a civil action, but the Court may appoint counsel at its discretion. 28 U.S.C. § 1915(e)(1). The Court has considered Plaintiff's need for an attorney, the likelihood that Plaintiff will benefit from assistance of counsel, the factual complexity of the case, the Plaintiff's ability to investigate and present his case, and the complexity of the legal issues. In considering these factors, the Court finds that Plaintiff's claims do not appear legally or factually complex, and it appears

he is capable of prosecuting his claims without appointed counsel at this time. Counsel will be appointed at the direction of the Court when and if it is deemed necessary.

IT IS SO ORDERED this 2nd day of April, 2024.

_____
UNITED STATES MAGISTRATE JUDGE