IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**CARSON DeWAYNE BOLDEN, JR.**                                                        **PLAINTIFF**

v.                              No: 3:22-cv-00202 BRW-PSH

**PHIL REYNOLDS,** *et al.*                                                                    **DEFENDANTS**

## ORDER

Plaintiff Carson DeWayne Bolden, Jr. has filed a motion to file second amended complaint (Doc. No. 82).  Pursuant to Federal Rule of Civil Procedure 15(a), once an answer has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  However, the Court may "properly deny a party's motion to amend its complaint when such amendment would unduly prejudice the non-moving party or would be futile."  *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (citing *Kozohorsky v. Harmon,* 332 F.3d 1141, 1144 (8th Cir. 2003)).

Bolden's motion is denied for several reasons.  First, he did not submit a proposed second amended setting out his claims.  Bolden may not amend his complaint in a piecemeal fashion, but must file a complete amended complaint.

Second, Bolden describes new claims he wishes to add against new defendants, but does not explain how they are related to this ongoing lawsuit. Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant. To proceed against multiple defendants, plaintiff must satisfy Fed. R. Civ. P. 20, which allows claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants. *See* Fed. R. Civ. P. 20(a)(2). Further, Bolden should not be allowed to defeat the filing fee requirements by joining multiple causes of action in one suit. *See Bailey v. Doe,* 434 F. App'x 573, 573 n.1 (8th Cir. 2011) (affirming severance of a prisoner's complaint into three separate actions and obligating him to pay three separate filing fees). Claims unrelated to this lawsuit must therefore be raised in a new lawsuit.

Finally, this case has been pending for almost two years. Bolden provides no explanation as to why he waited until discovery has closed and the dispositive motion deadline is near to add new claims against new defendants. Allowing Bolden to amend his complaint at this time may unduly delay the final resolution of this case. The Court will not entertain motions to amend at this late date.

For these reasons, Bolden's motion to file second amended complaint (Doc. No. 82) is DENIED.

IT IS SO ORDERED this 30th day of April, 2024.

_____
UNITED STATES MAGISTRATE JUDGE